UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES,

                Plaintiff/Respondent,          Crim. No. 98-208-22-HA
                                              Civil No. 04-1516-HA

     v.

                                         OPINION and ORDER

ADOLPH SPEARS, SR.,

                Defendant/Petitioner.

HAGGERTY, District Judge:

Petitioner filed a *pro se* Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [2261]. After counsel was appointed, he filed a subsequent Amended Motion to Vacate [2420]. Petitioner's initial Motion to Vacate must be denied as rendered moot by the subsequent amendment. Moreover, this court has considered all arguments, issues and exhibits presented by petitioner in all of his motions. After considering the record and arguments presented, the court denies petitioner's amended motion as well.

**BACKGROUND**

Petitioner was convicted on December 7, 2000, after a trial, of conspiracy to distribute cocaine, conspiracy to launder monetary instruments, possession with intent to distribute cocaine, and money laundering. He was sentenced on May 14, 2001, to the custody of the

Bureau of Prisons for life imprisonment on Count 1, and 240 months imprisonment on Counts 2, 8, 9, 45, and 47, to be served concurrently followed by a term of supervised release of ten years.

Petitioner timely appealed his conviction and sentence. The Ninth Circuit affirmed petitioner's conviction and sentence. *See United States v. Spears*, 60 Fed. Appx. 671 (9th Cir. 2003). Petitioner's subsequent petition for *writ of certiorari* was denied by the United States Supreme Court on October 6, 2003. *See Spears v. United States*, 540 U.S. 939 (2003).

On October 18, 2004, petitioner filed a Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255. On October 20, 2004, the court issued an order staying the motion pending the United States Supreme Court's ruling in *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner subsequently was appointed counsel and, as noted above, later filed an Amended Motion to Vacate or Correct Sentence [2420]. This motion is fully briefed and has been taken under advisement by the court.

In analyzing petitioner's arguments, this court adopts the cogent summary of issues presented as advanced by respondent in its Response at 8:

1.  Petitioner claims his sentence is unconstitutional under *Blakely v. Washington*, which petitioner argues applies retroactively to cases on collateral review;

2.  Petitioner claims the government engaged in outrageous government conduct by knowingly presenting false testimony, engaging in a "pilot proffer program" with Judge Hogan, and not disclosing a secret computer drive that contained evidence favorable to petitioner;

3.  Petitioner claims numerous specific acts of alleged ineffective assistance of counsel by counsel; and

4.  Petitioner incorporates arguments presented by co-defendant Byron Branch in Branch's similar § 2255 petition.

2 - OPINION AND ORDER

**STANDARDS**

Petitioner's Amended Motion to Vacate or Correct Sentence is brought under 28 U.S.C. § 2255. That statute provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A court should hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "To earn the right to a hearing, therefore, [a petitioner is] required to allege specific facts which, if true, would entitle [the petitioner] to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998) (quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). If credibility can be decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (internal quotations and citation omitted).

Petitioner's petition, the files, and the record in this case conclusively show that he is not entitled to the relief requested under § 2255. An evidentiary hearing is not necessary.

**ANALYSIS**

Petitioner asserts numerous grounds for relief, including several claims for ineffective assistance of counsel and other assorted constitutional claims. As noted above, these claims are addressed in the order summarized by respondent in its Response.

3 - OPINION AND ORDER

**A.   Is Petitioner's sentence unconstitutional under *Blakely* and other Supreme Court precedent?**

Petitioner argues that decisions in *United States v. Booker*, 543 U.S. 220 (2005) and in *Blakely* should be applied retroactively to cases on collateral review.  Petitioner presents a variant of the argument that his sentences violate the rule recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)*,* as articulated by the Supreme Court in *Blakely*, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301 (quoting *Apprendi*, 530 U.S. at 490).  In *Blakely*, the Supreme Court held that the relevant "statutory maximum" for *Apprendi* purposes is generally the sentencing guideline maximum, because that is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  524 U.S. at 303.

However, the Ninth Circuit has held that *Booker* and *Blakely* do not apply retroactively to cases on collateral review that involve convictions that became final prior to these rulings.  *See United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir. 2005).  The Ninth Circuit has also determined that courts should not retroactively apply the "*Apprendi* rights" recognized in *Blakely* regarding collateral attacks.  *United States v. Sanchez-Cervantes,* 282 F.3d 664, 665 (9th Cir. 2002) (declining to apply the rule in *Apprendi* retroactively to a federal prisoner's initial collateral review and stating that "[a] new rule should be retroactive as to all cases or as to none to avoid inconsistencies and unnecessary litigation").

Petitioner's conviction became final on March 3, 2003, when the Ninth Circuit affirmed defendant's conviction and sentence.  Petitioner's arguments seeking relief based upon *Booker* and *Blakely*, and *Blakely's* interpretation of *Apprendi*, are denied.

4 - OPINION AND ORDER

**B.    Is Petitioner entitled to relief because the government engaged
in outrageous conduct?**

Petitioner argues for the first time that the government engaged in outrageous conduct by

knowingly presenting false testimony, engaging in a "pilot proffer program" with the Honorable

Judge Hogan, and by failing to disclose a secret "drive" that contained evidence favorable to

petitioner.  Claims that could have been raised on direct appeal, but were not, are barred under

the procedural default doctrine.  *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).

A petitioner who has procedurally defaulted a claim by failing to raise it on direct review

may raise the claim in a 28 U.S.C. § 2255 proceeding only by demonstrating cause for the

default and prejudice, or actual innocence.  *Bousley v. United States*, 523 U.S. 614, 622 (1998);

*see also Massaro v. United States*, 538 U.S. 500, 504 (2003) ( general rule is that claims not

raised on direct appeal may not be raised on collateral review without a showing of cause and

prejudice).

"Cause" under the cause and prejudice test must be something external to the petitioner,

something that cannot be fairly attributed to him or her.  *See Coleman v. Thompson*, 501 U.S.

722, 753 (1991).  If a petitioner fails to show cause, a court need not consider whether actual

prejudice exists.  *McCleskey v. Zant*, 499 U.S. 467, 501 (1991).

Actual innocence under the actual innocence test "means factual innocence, not mere

legal insufficiency."  *Bousley*, 523 U.S. at 623-24.

Petitioner presents an insufficient showing of actual innocence.  Further, the only "cause"

alleged in these circumstances that might overcome procedural default is possible ineffective

assistance of counsel for failing to raise these arguments at trial or on appeal.  Petitioner's claims

of ineffective assistance of counsel are addressed more fully below.  This court rejects

5 - OPINION AND ORDER

petitioner's allegations that the performances of petitioner's trial and appellate counsel were unreasonable in light of the prevailing professional norms.

Moreover, even though petitioner has failed to show cause, this court has also considered whether actual prejudice exists regarding petitioner's allegations.  There is no showing of prejudice regarding the government's conduct toward co-defendant Branch or the presentation of witnesses Daren McCoy or Earnest Lott.  The testimony from McCoy and Lott was tested thoroughly by defense counsel at trial and presumed attempts to impeach these witnesses would have been unlikely to assist petitioner at trial.

Similarly, petitioner's challenge of Judge Hogan's role in this case is without merit. Judge Hogan was never the trial judge in this matter and never participated in any pre-trial evidentiary hearings.

Finally, petitioner's allegation that a secret archive of evidence was maintained by the Federal Bureau of Investigation is unsupported by anything more than petitioner's assertions that the archive exists or once existed.  Petitioner has failed to show that prejudice resulted from the deprivation of a purported archive.

### C.   Is Petitioner entitled to relief because he received ineffective assistance of counsel?

Petitioner argues that he was deprived of his constitutionally guaranteed right to effective assistance of counsel.  In order to prevail on a claim for ineffective assistance of counsel "the petitioner must show (1) grossly deficient performance by his counsel, and (2) resultant prejudice." *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  "Under *Strickland*, counsel's competence is presumed and thus [petitioner] must rebut this presumption by demonstrating that [counsel's] performance

6 - OPINION AND ORDER

was unreasonable under prevailing professional norms and was not the product of sound strategy." *Lambright v. Schriro*, 490 F.3d 1103, 1116 (9th Cir. 2007).

Judicial scrutiny of counsel's performance is highly deferential; the Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s] emphasized that 'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

To establish ineffective assistance of counsel, petitioner must establish both deficient performance by counsel and that the deficiency prejudiced the petitioner. *Williams v. Calderon*, 52 F.3d 1465, 1469 (9th Cir. 1995). There is no need to evaluate the counsel's performance if the petitioner fails to show that prejudice resulted from the counsel's alleged errors. *Strickland*, 466 U.S. at 697. Failure to make the required showing on either the "incompetence" prong or the "prejudice" prong "defeats the ineffectiveness claim. *Id*. at 700.

Petitioner must overcome a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). "The essence of an ineffective assistance of counsel claim is that counsel's conduct so undermined the proper functioning of the adversarial process" that the results of the subsequent trial or plea "cannot be relied on as having produced a just result." *Williams*, 52 F.3d at 1469 (internal quotations omitted).

To establish deficient performance, the petitioner must demonstrate that counsel not merely committed errors, but also performed outside the "wide range of professionally

competent assistance." *Strickland*, 466 U.S. at 690.  Petitioner must show that counsel's representation failed to meet an objective standard of reasonableness.  *Id*. at 688.

To show prejudice, defendant must demonstrate "that the attorney's deficient performance prejudiced the defendant such that 'there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007) (quoting *Strickland*, 466 U.S. at 688).  Specifically, petitioner must show that counsel committed errors that a reasonable, competent lawyer, acting as a diligent and conscientious advocate, would not make, and that prejudice resulted.  *Katz v. United States*, 920 F.2d 610 (9th Cir. 1990); *Tinsley v. Borg*, 895 F.2d 520 (9th Cir. 1990) (citing *Strickland*).  The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a strong presumption that the attorney's conduct falls within the wide range of reasonable professional assistance.  *Id*.

In this case, petitioner advances eight claims of ineffective assistance of counsel from trial or appellate counsel.  These are addressed in turn.

### 1.    The testimony of Officer Rick Hascall

Petitioner asserts that his trial counsel failed to object sufficiently to the testimony of Officer Hascall, an expert regarding the interpretation of code words and language.  Defense counsel repeatedly objected to this witness in pretrial hearings and during trial.  Counsel acted zealously on behalf of petitioner regarding this witness.  Moreover, regardless of the failures to *successfully* object, or to raise this issue on appeal, there is no reasonable probability that, but for these alleged errors, the result of the proceeding would have been different.  Expert testimony regarding coded terms referring to the sale and purchase of narcotics is the proper subject of

expert testimony under Federal Rule of Evidence 702. *See, e.g., United States v. Freeman*, 498

F.3d 893, 901-02 (9th Cir. 2007) (testimony regarding the interpretation of encoded drug jargon

admissible at trial). Accordingly, advancing this argument on appeal would not have been

fruitful. Appellate counsel is not ineffective for failing to raise an issue that has little likelihood

of success on appeal. *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

        **2.**        **Financial issues**

Petitioner next contends that trial counsel provided ineffective assistance by failing to

call witnesses who could have established that petitioner maintained financial resources.

Petitioner also contends that the fee arrangement between petitioner and counsel was

misrepresented at trial.

Any alleged error in failing to call a bookkeeper, accountant and bank executive

regarding petitioner's finances was harmless. Petitioner's resources was not an issue at trial and

these witnesses would have likely contributed nothing to the question of petitioner's guilt or

innocence and would not have changed the outcome of the trial.

Relatedly, this court also rejects petitioner's challenges regarding the appointment of his

trial counsel. Petitioner initially retained this attorney. On October 10, 2000, this court

appointed the attorney as indigent defense counsel. Petitioner alleges that this counsel

misrepresented the details of financial arrangements between he and petitioner and, after

receiving funding pursuant to his appointment as indigent counsel, he refused to call witnesses

who might expose the misrepresentations to the court.

Petitioner's spouse assisted in obtaining appointment of counsel. Ex. 3 to Resp. at 5-8.

In support of petitioner's motion to appoint his previously retained counsel, the attorney

submitted an affidavit detailing that the attorney had been retained in June 1998, and that fees and costs had amounted to more than double of what petitioner had been able to pay. *Id*. at 10-11.  The affidavit referred to petitioner's assets that had been seized for forfeiture and that the government had filed notices of *lis pendens* against his real property.  *Id*. at 12-14.  As noted, there was no dispute that petitioner had legitimate sources of income.  There is also no dispute that petitioner qualified for court-appointed counsel because of the seizure of assets.  Testimony regarding these issues or petitioner's arrangements with counsel would have likely contributed nothing to the question of petitioner's guilt or innocence and would not have changed the outcome of the trial.

### 3.    Adequacy of counsel's investigation and examination of witnesses

Petitioner next argues that his counsel's investigation of the case against him was below the wide range of acceptable professionally competent assistance.  Specifically, petitioner alleges that counsel failed to impeach witnesses or present evidence that placed petitioner in California at the time that eleven kilograms of cocaine was seized from a Cadillac that was connected to a business with which petitioner and others were associated.

Petitioner's objections regarding the extent of the efforts undertaken by counsel and the Joint Defense Team are overruled.  Despite petitioner's opportunities to now present alternative strategies regarding his defense, the zealous representation he received was professionally competent and understandably committed to attempting to lessen the impact that ninety days of wiretap and consensual recordings of petitioner's words created for the jury.  Defense counsel's performance was reasonable under prevailing, highly deferential professional norms and counsel

exercised sound strategy.  Petitioner's complaints to the contrary must be rejected.  *See*

*Lambright*, 490 F.3d at 1116.

Similarly, this court concludes that counsel examined the testimony of witnesses McCoy

and Lott effectively.  Petitioner presents no grounds that might establish that an even greater

cross-examination of those witnesses, or the presentation of other witnesses who purportedly

might have impeached the witnesses, would have resulted in a different outcome in petitioner's

trial.  This analysis incorporates petitioner's supplemental arguments alleging that Lott

committed bad acts while in protective custody and was untruthful in his testimony about

shooting Anthony English in self-defense.  Even if such evidence were admissible, any error was

harmless.  The witnesses at issue were impeached as a result of counsel's efforts, and the weight

of their testimony was merely a fraction of overwhelming evidence that led to petitioner's

conviction.  Further impeachment of McCoy and Lott would not have changed the

outcome of the trial.

Petitioner's arguments about the value of presenting call records or similar evidence

regarding petitioner's whereabouts are also rejected.  There is no dispute that petitioner was in

southern California when the eleven kilograms of cocaine at issue was seized.  This fact was

established at trial.  Counsel's performance regarding these kinds of issues fell well within the

wide range of acceptable professionally competent assistance and, moreover, such evidence

would not have changed the outcome of the trial.

### 4.    Challenges to the indictment

Petitioner next argues that counsel was ineffective for failing to challenge the indictment

as defective.  The alleged defect is that the government failed to allege in each count a violation

of 18 U.S.C. § 2.  It is not improper to provide an aiding and abetting instruction even if an indictment lacks a specific charge in that regard.  *United States v. Vaandering*, 50 F.3d 696, 702 (9th Cir. 1995) (indictments are read to embody that offense in each count).

### 5.    Challenges to the sufficiency of the evidence

Petitioner next argues that trial counsel provided ineffective assistance for failing to challenge the sufficiency of the evidence adduced during trial.  However, counsel moved for a judgment of acquittal at the end of the government's case.  Counsel also moved for a judgment of acquittal at the end of all the evidence.  Challenges were presented at every stage of the prosecution.  Appellate counsel's election to advance issues other than a continuation of a dispute regarding the sufficiency of evidence on appeal fell well within the wide range of acceptable professionally competent assistance.

### 6.    Challenges to wiretap evidence

Petitioner next argues that defense counsel provided ineffective assistance by failing to challenge the prosecution's alleged suppression of evidence favorable to petitioner.  Petitioner argues that the government failed to show that traditional investigative techniques were tried and failed, or were unlikely to succeed or too dangerous before obtaining three wiretap orders.  This argument is rejected.

Defense counsel challenged the wiretap evidence in thorough pretrial motions.  The government's conduct was further challenged in petitioner's direct appeals and in his petition to the Supreme Court.  Additional litigation of this aspect of petitioner's conviction is unwarranted.  *United States v. Scrivener*, 189 F.3d 825, 828 (9th Cir. 1999) (claims resolved on appeal should not be re-litigated in a post-conviction petition).

### 7. Petitioner's waiver

Petitioner next contends that he was unaware of his trial counsel's strategies involving the question of whether to testify, and argues that his failure to testify should be construed as a waiver of a constitutional right that was not knowing, voluntary and intelligent.  Petitioner's portrayal of his relationship with trial counsel, and specifically his failure to discern counsel's strategic decision to keep petitioner from testifying, presents no grounds for concluding that counsel committed errors that a reasonable, competent lawyer, acting as a diligent and conscientious advocate, would not make, or that petitioner's trial would have had a different result had he testified.

### 8. No accumulation of failures

Finally, petitioner argues that the accumulation of several egregious errors committed by his trial counsel (those alleged above) establishes a successful ineffective assistance of counsel claim.  As analyzed above, the challenges articulated by petitioner fail to establish that counsel's representation failed to meet an objective standard of reasonableness, or that his counsel's allegedly deficient performance prejudiced petitioner to the degree that there is reasonable probability that, but for the alleged errors, the result of trial would have been different. Accordingly, all arguments arising from petitioner's claims of ineffective assistance of counsel must be rejected.  Petitioner received competent, zealous representation at trial and upon appeal.

### D. Is Petitioner entitled to relief pursuant to arguments advanced by co-defendant Branch?

Petitioner next requests that this court consider "relevant" arguments presented by co-defendant Byron Branch in his initial § 2255 petition.  This request is denied.  Petitioner was tried separately from co-defendant Branch, and Branch's post-conviction arguments, especially

13 - OPINION AND ORDER

as to allegations of ineffective assistance of counsel, are unique. To the possible extent that Branch asserted arguments that shared some relevance to petitioner's claims, the court notes that Branch's petition was determined to be without merit. Any purported relevance to petitioner's claims is moot. This argument is denied.

> **E.     No evidentiary hearing is warranted.**

Although addressed above, the court reiterates that petitioner's contention that he is entitled to an evidentiary hearing is without merit. Petitioner advances a separate motion seeking an evidentiary hearing, and seeks leave to submit evidence in the form of affidavit or deposition. That motion is denied. This court's conclusion denying the propriety of an evidentiary hearing – or the submission of supplemental evidence that purportedly may support the arguments presented in the petition before the court – is proper.

A district court has the discretion to forego an evidentiary hearing and to instead rely on the record, which may be supplemented by discovery and documentary evidence, the judge's own notes and recollection of the trial, and common sense. *Shah*, 878 F.2d at 1159.

Here, the same judge presided over petitioner's lengthy trial and has exercised an opportunity to supplement the record with recollections and common sense in deciding to deny an evidentiary hearing. *See Blackledge v. Allison*, 431 U.S. 63, 74 n. 4 (1977) (a judge's recollection of the events at issue may enable the judge to dismiss a § 2255 motion without an evidentiary hearing).

**CONCLUSION**

This court has considered the arguments, issues and exhibits presented by petitioner in all of his motions. After considering the record and arguments presented, petitioner's *pro se* Motion

to Vacate or Correct Sentence under 28 U.S.C. § 2255 [2261] and subsequent Amended Motion

to Vacate [2420] are denied.  Petitioner's Motion for a Hearing [2421] is denied.  Any other

pending motions are denied as moot.

     IT IS SO ORDERED.

     DATED this  7  day of April, 2009.


                        /s/ Ancer L. Haggerty
                           Ancer L. Haggerty
                       United States District Judge


15 - OPINION AND ORDER