UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:98-cr-00208-HA-22 |
| Plaintiff, | ORDER |
| v. | |
| ADOLPH SPEARS, SR., | |
| Defendant. | |

HAGGERTY, District Judge:

Defendant Adolph Spears, Sr. moves the court to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on an amendment to the Sentencing Guidelines effective November 1, 2011, which lowered the base offense levels applicable to cocaine base (crack) offenses. For the following reasons, defendant's Motion to Reduce Sentence [2478] is DENIED.

1 - ORDER

## BACKGROUND

On December 7, 2000, defendant was convicted of Conspiracy to Possess with Intent to Distribute Cocaine Base (Count 1), Conspiracy to Launder Monetary Instruments (Count 2), Possession with Intent to Distribute Cocaine (Count 8), Maintaining a Residence for the Purpose of distributing Cocaine (Count 9) and Money Laundering (Counts 45-47). On May 14, 2001, the court found that defendant's total offense level was 44 with a criminal history category of IV, resulting in a guideline range of life. Defendant was sentenced to life in prison on Count 1, and 240 months in prison on the remaining counts to be served concurrently. In reaching this conclusion, the court found that defendant's base offense level was 38 for a drug quantity more than 1.5 kilograms of crack - the highest threshold quantity at that time. The court added six points to defendant's base offense level because defendant had a leadership role and the conspiracy involved the possession of a firearm.

Effective November 1, 2011, the Fair Sentencing Act of 2010 amended the federal sentencing guidelines. The new Drug Quantity Table reduces the offense level for 1.5 kilograms of crack to 34. Based on this amendment, defendant filed the current Motion to Reduce Sentence [2478].

## ANALYSIS

Defendant filed his motion pursuant to 18 U.S.C. 3582(c)(2), which provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission explained the procedure for implementing amendments in Section 1B1.10 of the Sentencing Guidelines.

> (1) <u>In General</u> - In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u> - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -
>   (A) none of the amendment listed in subsection (c) is applicable to the defendant; or
>   (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

Defendant asserts that his sentence should be reduced, because his offense involved only 1.5 kilograms of crack and the offense level for 1.5 kilograms of crack was reduced by the amendments. However, defendant's Presentence Report (PSR) evidences that the drug conspiracy led by defendant was responsible for distributing more than 100 kilograms of crack. Under the amended Drug Quantity Table, the offense level for 8.4 kilograms or more of crack is 38. Adding six points for defendant's leadership role and possession of a firearm, the guideline range remains life. Therefore, defendant's guideline range is unchanged under the amendment. Because the amendment does not have the effect of lowering the defendant's guideline range, this court lacks jurisdiction to reduce defendant's sentence, pursuant to 18 U.S.C. § 3582(c).

In his reply briefing, defendant, for the first time, asserts that this court specifically excepted the quantity findings of the PSR and found that defendant was actually responsible for

3  - ORDER

no quantity of crack cocaine. More specifically, defendant argues that he filed an objection to the PSR, challenging the determination that his conduct included any quantity of crack. In its Finding of Fact Order, this court addressed defendant's objections, stating that "the trial evidence showed that the defendant had an interest in the 11 kilos of cocaine [powder] that was charged in Count 1." Defendant argues that this resolution indicates that the court agreed with defendant and defendant is responsible for no quantity of crack.

Defendant's argument is baseless. Defendant's objection addressed both the quantity of cocaine and the quantity of crack that his conduct involved. In its Finding of Fact Order, this court addressed the objection as to cocaine only, and in no way did it undermine the PSR's finding that defendant's conspiracy involved over 100 kilograms of crack. This is readily apparent in a review of the transcript of defendant's sentencing hearing. During that hearing, counsel for defendant argued, as defendant's counsel does now, that defendant is not responsible for any amount of crack. The court questioned counsel for defendant on that objection:

> With respect to the one-and-a-half kilos of crack, your argument is based solely on the premise that Mr. Spears should not be associated with the 11 kilos of cocaine seized from the Cadillac, because if he's associated with those 11 kilos, then, in fact, he's associated with that conspiracy. And there's substantial evidence that that conspiracy engaged in the manufacturing of crack cocain from powder cocaine, is that correct?

Sentencing Hr'g Tr. 16, May 7, 2001.

Counsel for defendant responded in part:

> If you find that Mr. Spears had an interest in the cocaine that was in the Cadillac, that it would be – certainly, you could conclude that that cocaine was then being delivered to one of the houses that – involved McCoy, where it was cooked into crack cocaine.

*Id.* at 17.

4  - ORDER

In ordering defendant's sentence, the court explained:

> As to the objections by [defendant's counsel], I think I have to resolve all of those against you. The court believes that as to the conspiracy charge, that notwithstanding any testimony by McCoy as to your interest in four of the kilograms of the 11 that were seized, I believe the evidence supports your connection to that conspiracy through LCH Auto Wholesale.
>
> There was tremendous evidence of your involvement with that entity and various members of the alleged conspiracy's association back to LCH Wholesale. So, for purposes of the conspiracy itself and the number of kilograms that are part of the relevant conduct, for purposes of determining whether or not that conspiracy manufactured in excess of one and a half kilograms of crack cocaine, I think there's overwhelming evidence to support that allegation and a base offense level of 38.

*Id.* at 30. At the very least, the court found that 11 kilograms of cocaine is part of defendant's relevant conduct, and that those 11 kilograms of cocaine would be used to make crack. Therefore, the drug conspiracy led by defendant was responsible in distributing more than 8.4 kilograms of crack, and defendant's guideline range remains unchanged under the amendment. This court lacks jurisdiction to reduce defendant's sentence, pursuant to 18 U.S.C. § 3582(c).

## **CONCLUSION**

For the reasons provided, defendant's Motion to Reduce Sentence [2478] is denied.

IT IS SO ORDERED.

DATED this 3 day of September, 2013.

Ancer L. Haggerty
United States District Court