# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:98-cr-0208-SI-22 |
| v. | **ORDER** |
| **ADOLPH SPEARS, SR.**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Defendant Adolph Spears, Sr. ("Spears") brings a motion and supplemental motion under 18 U.S.C. § 3582(c)(2), to reduce his sentence based on United States Sentencing Guidelines ("Guidelines") Amendment 782. Spears argues that Judge Ancer L. Haggerty, Spears' original sentencing judge, did not explicitly find that Spears is responsible for a quantity of cocaine base sufficient to meet the new threshold quantity of 25.2 kilograms required under Amendment 782 to qualify for the Guidelines level under which Spears was originally sentenced. If Spears was not responsible for that level of cocaine base, then Spears' applicable Guidelines range would be lower under Amendment 782 and he would be eligible for a sentence reduction. If Spears was

responsible for 25.2 kilograms or more of cocaine base, then his applicable Guidelines range

would not be lower and he would not be eligible for a sentence reduction. *See United States v.

Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017) ("A defendant is ineligible for a sentence

reduction if the relevant amendment 'does not have the effect of lowering the defendant's

applicable guideline range.'" (quoting U.S.S.G. Manual § 1B1.10(a)(2)(B))).

Spears argues that the drug quantity amount for which he is responsible is ambiguous and

the Court cannot determine it without holding an evidentiary hearing. In considering whether to

reduce a defendant's sentence under § 3582(c)(2), a district court may make supplemental

findings of drug quantity if necessary to determine the movant's eligibility for a sentence

reduction. *Mercado-Moreno*, 869 F.3d at 953-54. In so doing, "if the exact quantity of drugs

involved is unclear or cannot be easily determined," a district court reviewing a motion to reduce

a sentence "may approximate the quantity based on circumstantial evidence, making sure to err

on the side of caution, and hold the defendant accountable for the quantity that he is more likely

than not actually responsible for." *Id.* at 957-58. A district court, however, "may not make

supplemental findings that are inconsistent with the findings made by the original sentencing

court." *Id.* at 948. In resolving any ambiguity relating to drug quantity, a court may consider, for

example, "the trial transcript, the sentencing transcript, and the portions of the presentence report

that the defendant admitted to or the sentencing court adopted." *Id.* at 957 (quoting *United States

v. Valentine*, 694 F.3d 665, 670 (6th Cir. 2012)). The district court "has broad discretion in how

to adjudicate § 3582(c)(2) proceedings, including whether to hold a hearing when making

supplemental findings of drug quantity." *Id.* at 954.

Spears' presentence report ("PSR") found that one codefendant purchased cocaine from

Spears on 10 to 12 occasions. ECF 2555 at 9 (¶ 25). The first three transactions involved

kilograms and the remaining transactions involved nine-ounce quantities. *Id.* The PSR noted that

Spears "owned" four kilograms out of 11 kilograms of cocaine that were transported in a 1989

Cadillac on November 13, 1997. *Id.* at 9, 17 (¶¶ 27, 70). The PSR described how, during the fall

of 1997, two other codefendants were distributing ten kilograms of crack cocaine (a type of

cocaine base) per week for Spears. *Id.* at 14 (¶ 53). The PSR indicated that a fourth codefendant

estimates that he purchased more than 200 kilograms of cocaine from Spears. *Id.* at 16 (¶ 64).

The PSR noted that it was established at trial that the conspiracy converted most of its cocaine to

crack cocaine, and that one kilogram of cocaine yielded slightly more than one kilogram of crack

cocaine. *Id.* at 18 (¶ 72). The PSR concluded that the conspiracy was responsible for trafficking

hundreds of kilograms of cocaine base, and this amount can be attributable to Spears because it

was reasonably foreseeable and in furtherance of the jointly undertaken criminal activity. *Id.*

at 17 (¶ 71). The PSR also concluded that the conspiracy is responsible for possessing and

distributing more than 100 kilograms of crack cocaine. *Id.* at 18 (¶ 72). The PSR further

concluded that Spears was a leader or organizer of the conspiracy. *Id.* (¶ 74). Finally, the PSR

concluded that "the evidence supports [Spears] is accountable for approximately 100 kilograms

of cocaine base, which is approximately 75 times the minimum level needed for a base offense

level 38." *Id.* at 28 (¶ 139).

Spears objected to many of the factual findings of the PSR, arguing that they relied on the

police reports and not on the evidence adduced at trial. Spears also objected that he was not

involved in the conspiracy relating to any of the drugs purchased in Fresno, California, that he

was not involved with any of the 11 kilograms in the 1989 Cadillac, and that he was not a leader

of the conspiracy. At sentencing, Judge Haggerty stated: "As to the objections by [Spears], I

think I have to resolve all of those against you." ECF 1829-1 at 30. Judge Haggerty continued,

noting that he believed the evidence regarding Spears' ownership in the four kilograms of the 11 kilograms in the Cadillac and that he found "tremendous" and "overwhelming" evidence "for purposes of the conspiracy itself and the number of kilograms that are part of the relevant conduct, for purposes of determining whether or not that conspiracy manufactured in excess of one and a half kilograms of crack cocaine." *Id.* Judge Haggerty also found that the evidence clearly showed that Spears had a leadership role over the conspiracy. *Id.* at 31.

In his written Findings of Fact, in response to Spears' objection that Spears was responsible for no more than 5-15 kilograms of cocaine, Judge Haggerty noted: "The court finds that the trial evidence showed that the defendant had an interest in the 11 kilos of cocaine that was charged in Count 1." ECF 2555 at 31. Judge Haggerty stated later in the Findings of Fact: "Other than those paragraphs previously amended, clarified or adjusted; or upon which no findings is necessary; the court adopts the presentence report referenced in paragraph (2) above, as its own findings and conclusions." *Id.* at 32.

Spears previously filed a § 3582 motion under Amendment 750, arguing that he did not meet the required 8.4 kilograms of crack cocaine under that Amendment because the only specific quantity finding made by Judge Haggerty was 1.5 kilograms. Judge Haggerty denied this motion on the grounds that Spears was responsible for more than 100 kilograms of crack cocaine. ECF 2488 at 3. Judge Haggerty also noted that, although his written Findings of Fact did not "undermine the PSR's finding that defendant's conspiracy involved over 100 kilograms of crack[,] . . . [a]t the very least the court found that" Spears had an interest in the 11 kilograms of cocaine in the 1989 Cadillac and those 11 kilograms would be used to make crack. *Id.* at 4-5. The Ninth Circuit affirmed based on Judge Haggerty's findings with respect to the 11 kilograms. *United States v. Spears*, 824 F.3d 908 (9th Cir. 2016). The Ninth Circuit noted that the PSR

found that the 11 kilograms from the Cadillac were converted to crack cocaine, and that one

kilogram of cocaine converts to slightly more than one kilogram of crack cocaine. The Ninth

Circuit also noted that Judge Haggerty had adopted the factual findings of the PSR as his own

factual findings. Although the Findings of Fact did not state that the 11 kilograms of cocaine

were converted into crack cocaine, the Ninth Circuit explained:

> Spears now emphasizes the fact that the order did not state that
> the 11 kilograms would be cooked into crack cocaine. However,
> here too it would be nonsensical to conclude that the sentencing
> court found otherwise. If the 11 kilograms were *not* to be cooked
> into crack, then Spears' responsibility for the *powder* cocaine in
> the Cadillac would not have provided any basis for rejecting
> Spears' challenge to the PSR's 1.5 kilogram *crack* cocaine finding.
> Furthermore, it is inexplicable why the court would have made any
> finding involving powder cocaine if the cocaine was not to be
> cooked into crack. After all, Spears was sentenced based on the
> drug quantity thresholds for *crack* cocaine only, not powder
> cocaine. Powder cocaine would be irrelevant to the court's
> calculation of Spears' offense level unless it was going to be
> cooked into crack cocaine. We decline to reinterpret the Findings
> of Fact order in a way that would make its findings irrelevant to
> Spears' sentencing.

*Id.* at 914 (emphasis in original).

Spears makes similar arguments in the pending motions. Spears argues that the PSR and

Judge Haggerty made findings regarding cocaine, but not crack cocaine. As an initial matter, the

PSR, which Judge Haggerty expressly adopted, made specific findings that Spears was

responsible for approximately 100 kilograms of cocaine base (¶ 139), that the conspiracy (of

which Spears was a leader and for which quantities he was found responsible) was responsible

for "hundreds" of kilograms of cocaine base (¶ 71), and that that the conspiracy was responsible

for more than 100 kilograms of crack cocaine (¶ 72). Thus, Spears' argument that there were no

specific findings relating to cocaine base or crack is unfounded.

Moreover, similar to the 11 kilograms of cocaine that the Ninth Circuit found could be interpreted as being converted to crack cocaine based on other factual findings in the PSR, the PSR also discussed numerous other incidents of specific amounts of cocaine. Although the PSR found that "most" of the cocaine was converted to crack, the volume of cocaine discussed in the PSR was such that even if only half of it (which is significantly less than "most") was converted to crack, it would still be more than the 25.2 kilograms required under Amendment 782 for Spears' Guidelines range to be unchanged.

Even assuming Judge Haggerty's adoption of the statements in the PSR is not an express finding of drug quantity sufficient for purposes of Spears' pending motions, the Court makes its own supplemental finding of drug quantity for purposes of considering Spears' eligibility for a sentence reduction. Considering the transcript of the sentencing hearing and the PSR, and remaining consistent with the findings made by Judge Haggerty, the Court finds that Spears was responsible for approximately 100 kilograms of crack cocaine. One codefendant estimated that he purchased more than 200 kilograms of cocaine from Spears (¶ 64). As the PSR found, in this conspiracy most of the cocaine was converted into crack cocaine. Even at only a 50 percent conversion, that would be 100 kilograms of crack cocaine. Another codefendant estimates distributing ten kilograms of crack cocaine per week for Spears during the fall of 1997 (¶ 53). Erring on the side of caution, assuming "fall" means only eight weeks, that would be an additional 80 kilograms of crack cocaine. Another codefendant purchased cocaine from Spears on 10 to 12 occasions and converted it all to crack cocaine. Thus, the 100-kilogram estimate is conservative given the PSR findings adopted by Judge Haggerty. Accordingly, Spears' Guidelines range would not change and he is not eligible for a sentence reduction under § 3582(c)(2).

**CONCLUSION**

Defendant's motion (ECF 2527) and supplemental motion (ECF 2544) for a sentence

modification under 18 U.S.C. § 3582(c)(2) are DENIED.

**IT IS SO ORDERED.**

DATED this 14th day of May, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge